CHARLES STRATER, JR., AND CHARLES PETERSON, PROSECUTORS, v. THE BOROUGH OF RUNNEMEDE AND THE POLICE COMMISSION OF THE BOROUGH OF RUNNEMEDE, ETC., RESPONDENTS.

Submitted May term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Carl Kisselman.*

For the respondent borough of Runnemede, *T. Harry Rowland.*

For the respondent police commission of the borough of Runnemede, *Walter S. Keown.*

PER CURIAM.

The prosecutors of this rule were dismissed from their positions as police officers in the borough of Runnemede and the present rule requires the borough to show cause why its action therein should not be reviewed by *certiorari*.

Examination of the evidence taken on the rule seems to establish that as to Peterson the writ should be denied, but granted as to the prosecutor Strater.

From the proofs it appears that the officers were directed by the mayor of Runnemede to proceed to Haddonfield for the identification of a prisoner, and while so proceeding across the White Horse pike the borough car in which they were riding was struck by another car and badly damaged. The proofs further established that the car was being driven by Peterson at a high rate of speed without warning of its approach to the crossing. The charge against the prosecutors was "gross negligence and willful destruction of borough property, to wit, one borough automobile."

We think the charge as against Peterson was amply sustained and that he was properly dismissed. To drive an automobile at night across the White Horse pike, the chief artery of travel between Philadelphia and Camden and Atlantic City, at high speed and without warning, constituted the grossest negligence and exhibited unfitness to hold the office of policeman.

Peterson, being the driver of the car, was properly dismissed. Strater, however, was a passive occupant of the car in nowise responsible for its operation. There is exhibited in the case against him no evidence of negligence, willful, gross or otherwise. As our view is that the dismissal of Strater was illegal he should be restored to duty. The evidence upon the merits having been fully taken under the rule the formal issuance of the writ as to him may become unnecessary. If otherwise, the rule will be made absolute in his case. The rule granted as to Peterson will be discharged.